## Gilbert v. Greenwood Trust Co.

*Nicholas E. Chimicles,* for plaintiffs.

*Alan S. Kaplinsky, Jeffrey S. Saltz* and *Burt M. Rublin,* for defendant.

LORD, *J.,* March 11, 1993—In this putative class action,[1] plaintiffs allege that they are residents of the

___

1. Plaintiffs have not yet moved for class certification pursuant to Pa.R.C.P. 1707.

Commonwealth of Pennsylvania and the holders of Discover credit cards issued by defendant Greenwood Trust Co. Defendant is a bank chartered and located in the state of Delaware and has its deposits insured by the Federal Deposit Insurance Corp. (FDIC).

In their amended consolidated class action complaint, plaintiffs allege that certain late-payment charges and returned check charges which defendant imposed pursuant to its credit card contracts with plaintiffs violate: (i) Pennsylvania's Goods and Services Installment Sales Act, Act of October 28, 1966, P.L. 55, Spec. Sess. no. 1, 69 P.S. §1101 et seq.; (ii) Pennsylvania's Unfair Trade Practices and Consumer Protection Law, Act of December 17, 1968, P.L. 1224, no. 387, as amended, 73 P.S. §201-1 et seq.; and (iii) Pennsylvania common law.

Defendant has filed revised preliminary objections to plaintiffs' amended consolidated class action complaint alleging that plaintiffs' complaint is legally insufficient and fails to set forth a claim upon which relief can be granted. Defendant contends that federal law—specifically section 521 of the Depository Institutions Deregulation and Monetary Control Act of 1980 (DIDA), Pub.L. no. 96-221, 94 Stat. 132 (1980) (codified, as amended, in scattered sections of the U.S. Code)—authorizes its late-payment charges and returned check charges and that any Pennsylvania law to the contrary is pre-empted by this federal law.

Counsel for plaintiffs and counsel for defendant have submitted to this court outstanding briefs addressing all issues raised by defendant's revised preliminary objections.

A number of courts have recently issued comprehensive and well-reasoned opinions dealing with the issues raised

by defendant's preliminary objections, most particularly the U.S. Court of Appeals for the First Circuit in *Greenwood Trust Co. v. Commonwealth of Massachusetts*, 971 F.2d 818 (1st Cir. 1992), and my colleague, the Honorable Victor J. DiNubile Jr., in *Mazaika v. Bank One Columbus, N.A.*, Philadelphia Court of Common Pleas, Philadelphia County, March term 1992, no. 4058 (opinion dated December 17, 1992). Therefore, this court will deal with the issues involved in this case only in summary fashion.

In response to defendant's claim of federal pre-emption, plaintiffs argue first that Congress did not intend that DIDA pre-empt claims based upon state common law which would restrict the charges for loans which DIDA would otherwise permit federally-insured, state-chartered banks to impose. This court disagrees.

Unlike other congressional legislation, DIDA contains no savings clause for state common law claims.[2] Moreover, plaintiffs have not brought to this court's attention any congressional legislative history that persuades this court that Congress intended to preserve state common law claims which would affect the charges that banks could impose for loans. Finally, plaintiffs have not advanced to this court any cogent theory to explain why Congress intended to pre-empt state constitutions—the

---

2. Cf., e.g., 15 U.S.C. §4406(c) ("Nothing in this act shall relieve any person from liability at common law..."); 17 U.S.C. §301(b) ("Nothing in this title annuls or limits any rights or remedies under the common law ... of any state..."); 29 U.S.C. §653(b)(4) ("Nothing in this act shall be construed to diminish or affect in any other manner the common law..."); 49 U.S.C. App. §1506 ("Nothing contained in this act shall in any way abridge or alter the remedies now existing at common law...").

supreme law of the states—and state statutes—the most current and frequently employed state vehicle for regulating charges by lenders—and at the same time might have intended to preserve state common law claims.

Accordingly, this court finds that in enacting section 521 of DIDA, Congress intended to pre-empt all state law, including state common law, which would intrude "into the federal pale"[3] of DIDA.

Plaintiffs further contend that by enacting DIDA, Congress did not intend to pre-empt state law regulating the flat, late payment charges and returned check charges which are the subject of this case, but only percentage interest rate charges or charges based upon time. In short, plaintiffs argue that the late payment charges and returned check charges involved in this case are not "interest" as that term is employed in DIDA. This court disagrees.

By section 85 of the National Bank Act of 1864[4] Congress expressly permitted national banks to charge the highest rate allowed by the laws of the state where the national bank is located. When it enacted section 521 of DIDA, Congress expressly stated that its intention was "to prevent discrimination against state-chartered [federally]-insured" banks, which prior to DIDA had not enjoyed the most-favored lender status that the National Bank Act had given to national banks. Or, as the First Circuit put it in *Greenwood:*

"Congress tried to level the playing field between federally-chartered and state-chartered banks when it enacted DIDA." 971 F.2d at 826.

---

3. *Greenwood,* 971 F.2d at 822.

4. Ch. 106, 13 Stat. 99 (1864) (codified, as amended, in scattered sections of 12 U.S.C.).

There would be no level playing field between, on the one side, national banks and federally-insured, state-chartered banks, and, on the other side, the most-favored lender in a particular state where a national bank or federally-insured state bank is located, if the most-favored lender in that state could impose late charges, returned check charges, closing costs and other fees that would give the state's most-favored lender a competitive advantage over national banks and state-chartered banks located in that state. Accordingly, to construe DIDA's reference to interest as narrowly as plaintiffs would have it would be contrary to Congress' intent as expressed in the National Bank Act and DIDA to create a level playing field among federally-insured state banks and national banks and the most-favored lender in their home state.

Further, this court accepts the analysis of the First Circuit in *Greenwood* to the effect that if the scope of the phrase "interest" as employed in DIDA is to be determined with reference to either federal case law or the law of the lender's home state—in this case Delaware—in both instances the late payment charges and returned check charges would be included within the term "interest" as employed in DIDA.

Accordingly, this court holds that since Delaware law permits its most-favored lenders to impose the late payment charges and returned check charges which are the subject of this case, any Pennsylvania law to the contrary is pre-empted by DIDA.

Therefore, this court holds that plaintiffs' complaint is legally insufficient and fails to set forth a claim upon which relief can be granted, and this court hereby sustains

114

defendant's revised preliminary objections and hereby dismisses plaintiffs' amended consolidated class action complaint with prejudice.